FILED & JUDGMENT ENTERED
Steven T. Salata

Nov 04 2015

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
J. Craig Whitley
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

IN RE:                              )
                                    )   Case No. 14-30773
Daniel J. Fontana                   )   Chapter 7
                                    )
            Debtor.                 )

## ORDER OVERRULING TRUSTEE'S OBJECTIONS TO EXEMPTIONS AND VALUATIONS

Upon conversion of this case from Chapter 11 on February 27, 2015, John W. Taylor was appointed as the Chapter 7 trustee. In this capacity, the trustee objected to debtor's claim of exemptions to the extent those exemptions are not permitted under N.C.G.S. § 1C-1601(e). These included for payment of claims by the United States, claims by the State of North Carolina, and claims for child support, alimony, or distributive award orders under state law.

The trustee provided no elaboration or authority for these contentions in his four-paragraph motion. When the matter was heard on September 10, 2015, the Court asked for clarification on the objection. At that point, it became apparent that the trustee intended to administer otherwise exempt property for the benefit of domestic support claimants and the government authorities listed in his motion. Yet, the trustee admitted he was not aware of the existence of any claims of this nature.

1

The Court requested that the trustee consider his objection in light of *In re Vandeventer*, 368 B.R. 50, 51 (Bankr. C.D. Ill. 2007) and the cases cited therein. At the continued hearing on September 24, 2015, the trustee argued *Vandeventer* did not change his position on the merits of debtor's exemption claims or his power to administer exempt assets. He did not, however, provide any authority to support his contentions. The Court took the matter under advisement and invited the trustee to submit supplemental briefing in support of his objection. A supplemental brief was never filed.

Code Subsection 522(c)(1) provides that property exempted under Section 522 "is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except" for a tax or custom duty or a domestic support obligation. When faced with requests nearly identical to the trustee's, courts in other opt-out jurisdictions, like North Carolina, have interpreted Subsection 522(c)(1) to mean that that property exempted under Section 522, here through the opt-out provision, does not lose its exempt status with respect to tax debts and domestic support obligations. *In re Ruppel*, 368 B.R. 42, 44 (Bankr. D. Or. 2007). Rather, the exempt property remains available to satisfy such claims. *In re Covington*, 368 B.R. 38, 40 (Bankr. E.D. Cal. 2006) ("The trustee's objection to these exemptions will be overruled. Section 522(c)(1) does not provide for the disallowance of an exemption. Rather, it provides that property exempted by the debtor is nonetheless liable for a domestic support obligation. Disallowance of the exemption is not a predicate to the enforcement of a domestic support obligation against the property.").

Collection on the claim does not therefore require an objection to the exemption;

2

without any authority to the contrary, the trustee's objection to debtor's exemptions must be overruled. *See In re Vandeventer*, 368 B.R. 50, 54 (Bankr. C.D. Ill. 2007) ("The Court finds the reasoning of *Covington*, *Ruppel*, and *Quezada* to be persuasive. These courts thoroughly analyzed the BAPCPA statutory changes and the policy reasons behind these changes. This Court joins them in concluding that the BAPCPA amendment to § 522(c)(1) does not provide a Chapter 7 trustee with a valid basis to object to a claimed exemption."); *In re Quezada*, 368 B.R. 44, 47 (Bankr. S.D. Fla. 2007) ("Section 522(c)(1) renders exempt property liable for certain tax debts and DSO debts; it does *not* limit a debtor's right to claim all exemptions otherwise available under § 522. Therefore, the Trustee's Objection to Exemption will be overruled." (citations omitted)); *In re Ruppel*, 368 B.R. 42, 44 (Bankr. D. Or. 2007) ("Collection of a DSO therefore does not require that claimed exemptions be objected to, and Trustee's objection will therefore be denied.").

As for whether a Chapter 7 trustee may administer these otherwise exempt assets, the Bankruptcy Code directs trustees to "collect and reduce to money the property of the estate for which such trustee serves . . . ." 11 U.S.C. § 704(a)(1). "On the filing date of a bankruptcy case, property of the estate includes exempt property." *Quezada*, 368 B.R. at 48. However, "[w]hen a debtor exempts property, it is effectively removed from the estate." *Covington*, 368 B.R. at 40 (citing *In re Szekely*, 936 F.2d 897 (7th Cir. 1991)). Therefore, upon the exemption claim and assuming the property is wholly exempt, the related property is no longer available for a Chapter 7 trustee to administer. *Id*. This result is consistent with the longstanding principle that Chapter 7 trustees are not to pursue claims for individual creditors. *In re Miller*, 197 B.R. 810, 814-15 (W.D.N.C.

1996). For these reasons, the trustee's request to administer this otherwise exempt property for the benefit of individual creditors is denied.

As a final matter, the trustee also objected to any exemption claims and the valuation of the subject property to the extent debtor asserted an in-kind exemption under an exemption law that provide for a monetary limit on the exemption. But, his motion makes no reference to specific exemptions, and it is not otherwise clear what he finds objectionable. This objection is overruled as well.

**SO ORDERED.**

| | |
|---|---|
| **This Order has been signed electronically.** <br> **The judge's signature and the court's seal** <br> **appear at the top of the Order.** | **United States Bankruptcy Court** |